IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAMELA GRACE HOWELL,

    Plaintiff,

vs.                                        Case No. 4:12cv396-RH/CAS

SHARON,

    Defendant.

                           /

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a motion for leave to proceed in forma pauperis, doc. 2, and a civil rights complaint, doc. 1.  Good cause having been shown, the in forma pauperis motion, doc. 2, is **GRANTED**, and the Clerk shall file the complaint without requiring payment of the filing fee.

Plaintiff's civil rights complaint is against an individual named Sharon, who also is homeless and stays at the Tennessee Street Night Shelter where Plaintiff currently resides.  Doc. 1 at 2.  Plaintiff's allegations, however, do not reveal the denial of a constitutional right, nor has Plaintiff named a Defendant who may be held liable under 42 U.S.C. § 1983.

Section 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution

and laws.'"  Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998).  Thus, to obtain relief, a plaintiff must show that she was deprived of a federal right by a person acting under color of state law.  Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000).  Another homeless person at the Shelter is not a state official.  Furthermore, to state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right privilege, or immunity protected by the Constitution or laws of the United States."  Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986), *quoting* Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985).  Even if Plaintiff had named an appropriate person as the Defendant in this case, Plaintiff has not alleged that the Defendant deprived her "of a right secured by the 'Constitution and laws' of the United States."  Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  This case must be dismissed for failure to state a claim and because it is frivolous.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for in forma pauperis status, doc. 2, is **GRANTED**.

2.  The Clerk shall file the complaint, doc. 1, without requiring payment of the filing fee.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and because it is frivolous.

**IN CHAMBERS** at Tallahassee, Florida, on August 24, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.